NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL DAVID DYDZAK,

Plaintiff-Appellant,

v.

TANI CANTIL-SAKAUYE; et al.,

Defendants-Appellees.

Nos. 23-15784
23-16193

D.C. No.
2:22-cv-01008-APG-VCF

MEMORANDUM[*]

Appeals from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 22, 2025[**]

Before: GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Daniel David Dydzak appeals pro se from the district court's judgments

dismissing his 42 U.S.C. § 1983 action alleging claims related to prior lawsuits

challenging his disbarment as a California attorney. We have jurisdiction under 28

U.S.C. § 1291. We review de novo both a dismissal for lack of personal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction, *Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017), and for failure to state a claim, *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1120 (9th Cir. 2007). We affirm.

The district court properly dismissed for lack of personal jurisdiction Dydzak's claims against all moving defendants except Judge Rawlinson because Dydzak did not allege facts sufficient to establish that these defendants had sufficient contacts with Nevada to provide the court with either general or specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (specific personal jurisdiction requires, among other things, that "the claim must . . . arise[] out of or relate[] to the defendant's forum-related activities").

The district court properly dismissed Dydzak's claim against Judge Rawlinson on the basis of judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (describing factors relevant to whether an act is judicial in nature and subject to absolute judicial immunity).

The district court did not abuse its discretion by dismissing the complaint without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining

that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**